86 F.3d 1157
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles WATKINS, Defendant-Appellant.
 No. 95-5684.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1996.
 
 Before: MARTIN and SILER, Circuit Judges; and HEYBURN, District Judge.*
 PER CURIAM.
 
 
 1
 Charles Watkins was a co-conspirator in an armed carjacking which resulted in the murder of one of the carjacking victims, Jeff Wolfe, by Watkins' co-conspirator Michael DeAngelo Green. The facts of this July 6, 1993, armed carjacking are set forth in a prior unpublished opinion of this Court, United States v. Green, No. 94-6215, 1995 WL 451782 (6th Cir. July 27, 1995). In addition to the carjacking, Watkins robbed a Mr. Townsend at gunpoint on July 11, 1993. Four months prior to being indicted on federal charges for the carjacking, Watkins was adjudicated guilty of the Townsend robbery in a Tennessee juvenile proceeding.
 
 
 2
 On February 23, 1995, Watkins, pled guilty to one count of conspiracy to attempt to commit armed carjacking resulting in the death of another in violation of 18 U.S.C. §§ 2 and 2119, and to one count of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The plea agreement between Watkins and the United States provided that the district court could sentence Watkins to no more than a total of thirty years' imprisonment. On May 1, 1995, the district court sentenced Watkins to the maximum of thirty years' imprisonment, although the United States Sentencing Guidelines permitted a much longer term of imprisonment.
 
 
 3
 Watkins' first argument on appeal is that the district court erred in increasing his criminal history category from a I to a II based on his prior sentence in the state juvenile proceeding. The district court considered Watkins' juvenile adjudication to be a "prior sentence" based on U.S.S.G. § 4A1.2(a)(1) and § 4A1.2, comment n. 1. Section 4A1.2(a)(1) provides:
 
 
 4
 (a) Prior Sentence Defined
 
 
 5
 (1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendre for conduct not part of the instant offense.
 
 
 6
 Section 4A1.2(d)(2) provides that juvenile adjudications are included for consideration as prior sentences.
 
 
 7
 Watkins argues that the Townsend robbery was part of the instant offense and therefore his sentence for robbery cannot be used to increase his criminal history category to a II. Watkins argues that Application Note 1 to Section 4A1.2 states that " 'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." Watkins insists that the robbery is "part of the instant offense" because the United States included the robbery in its Second Superseding indictment. We disagree that the robbery was "part of" the conspiracy with which he was charged. In the Superseding Indictment, the United States listed the Townsend robbery as one of twelve overt acts included in the conspiracy to commit carjacking count. Thus, the robbery is listed as an overt act proving the existence of the offense of conspiracy. The instant offense was the criminal agreement (the conspiracy) between Watkins and the other co-conspirators--not the robbery. The district court did not err in including this state sentence in Watkins' criminal history calculation.
 
 
 8
 In calculating Watkins' base offense level for the conspiracy to attempt armed carjacking, the district court reasoned that the robbery guideline (Section 2B3.1) required a cross-reference to the murder guideline (Section 2A1.1) in this case. Watkins' second argument is that the district court should have cross-referenced U.S.S.G. § 2A1.2 (Second Degree Murder) with its base offense level of 33 rather than U.S.S.G. § 2A1.1 (First Degree Murder) with its base offense level of 43. Watkins believes that Green's action in shooting Mr. Wolfe was not First Degree murder for purposes of Section 2A1.1 because he believes it was not intentional, but rather the result of a reckless or negligent state of mind. The United States argues that Green's action constituted First Degree murder under the felony-murder rule as defined by 18 U.S.C. § 1111(a) which is incorporated into Section 2A1.1.
 
 
 9
 The United States argues that the district court's decision to use a base offense level of 43 pursuant to U.S.S.G. § 2A1.1 should be reviewed as an upward departure. However, Application Note 6 to U.S.S.G. § 2B3.1 (1992) indicates that a district court's decision to cross-reference Section 2A1.1 is not a "departure" but merely a step in calculating the correct base offense level.[1] Thus, we must determine whether the district court's calculation is contrary to law or is a result of an incorrect application of the guidelines. 18 U.S.C. §§ 3742(d)(1)-(2). We review the district court's findings of fact for clear error. 18 U.S.C. § 3742(d). Section 2B3.1 applies here because the sentencing guideline for "robbery" is the most analogous property crime to carjacking of all the property crimes listed in Part B of the 1992 Sentencing Guidelines. At the time the co-conspirators committed the attempted armed carjacking, the Sentencing Guidelines had not been amended to incorporate the federal carjacking statute, 18 U.S.C. § 2119. Thus, Watkins' base offense level had to be calculated based on the most analogous sentencing guideline to carjacking--robbery--under U.S.S.G. § 2X5.1.
 
 
 10
 The district court did not clearly err in finding that Green murdered Wolfe during a robbery and therefore that Watkins was subject to a base offense level of 43 for First Degree murder. The district court followed the reasoning set forth in the presentence report:
 
 
 11
 Application of the most analogous guideline principle results in using Application Note 6 of the 1992 § 2B3.1 guideline, to cross reference to 2A1.1. Although Application Note 6 deals specifically with [bank robbery] violations, such violations are analogous to carjackings in which a victim is killed. The fact that the 1993 guideline [incorporating the newly enacted carjacking statute] requires cross reference under 2B3.1(c) strongly supports this conclusion.
 
 
 12
 * * *
 
 
 13
 U.S.S.G. 2A1.1, the guideline for first degree murder, calls for an offense level of 43. Title 18, U.S.C., § 1111(a) defined murder as follows: "Murder is the unlawful killing of a human being with malice aforethought. Every murder ... committed in the perpetration of, or attempt to perpetrate, any ... robbery ... is murder in the first degree." The probation officer believes Mr. Green's killing of Mr. Wolfe would have constituted a murder under [Section 1111(a) ].
 
 
 14
 * * *
 
 
 15
 In calculating Watkins' base offense level of 43 under Section 2A1.1 the district court determined, as had the jury in Green's trial, that Green killed Wolfe when he and Watkins attempted to take the Wolfes' car through the use of force. United States v. Green, 62 F.3d 1418 at * 1. Section 1111 of Title 18 of the U.S.Code, referenced in Section 2A1.1, incorporates the common law understanding that the requirement of malice aforethought for First Degree murder is satisfied if a person is killed during the perpetration of a felony. United States v. Thomas, 34 F.3d 44, 49 (2d Cir.), cert. denied, 115 S.Ct. 527 (1994) (discussing the felony-murder rule incorporated in 18 U.S.C. § 1111). Thus, the district court did not err in calculating Watkins' sentence pursuant to Section 2A1.1 based on a finding that Watkins' co-conspirator committed First Degree murder under the felony-murder rule.
 
 
 16
 Judgment AFFIRMED.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Application Note 6 to the robbery guideline, Section 2B3.1 provides, "If the defendant was convicted under [the bank robbery statute] and in committing the offense or attempting to flee or escape, a participant killed any person, apply § 2A1.1 (First Degree murder). Otherwise, if death results, see Chapter Five, Part K (Departures)." Thus, although the base offense level is 20 under Section 2B3.1, under Section 2A1.1 the base offense level is 43 if a participant in a bank robbery killed a person. As stated above, we believe Note 6 is applicable to carjacking because it is an analogous crime