HELENE N. WHITE, Circuit Judge
(concurring).
I write separately with respect to the issue addressed in Part II.A.3 of the majority opinion. Although Haynie’s conduct during the botched robbery would certainly qualify under the gross-deviation prong for proving malice, it is less clear whether furnishing a firearm to another with the expectation that the person robbed will immediately cooperate constitutes conduct that is “a gross deviation from a reasonable standard of care,” United States v. Milton, 27 F.3d 203, 208 (6th Cir.1994). See United States v. Pearson, 203 F.3d 1243, 1271 (10th Cir.2000) (concluding that the defendant’s conduct in providing a loaded gun to an accomplice for use in robbing a restaurant, where the accomplice accidentally fired the gun and killed a restaurant employee, does not establish the requisite degree of recklessness to demonstrate malice aforethought for the purposes of proving second-degree murder under 18 U.S.C. § 1111).
Nevertheless, because § 1111 permits the inference of malice from the intent to commit the underlying felony — here, robbery — the malice element is satisfied. See United States v. Watkins, 86 F.3d 1157, 1996 WL 272391, at *3 (6th Cir.1996) (unpublished table opinion) (citing United States v. Thomas, 34 F.3d 44, 49 (2d Cir. 1994)) (“Section 1111 of Title 18 of the U.S. [ ]Code ... incorporates the common law understanding that the requirement of malice aforethought for First Degree murder is satisfied if a person is killed during the perpetration of a felony.”); accord United States v. Allen, 247 F.3d 741, 783-84 (8th Cir.2001), vacated on other grounds, 536 U.S. 953, 122 S.Ct. 2653, 153 L.Ed.2d 830 (2002); United States v. Chanthadara, 230 F.3d 1237, 1252-53 (10th Cir.2000); Pearson, 203 F.3d at 1270; United States v. Tham, 118 F.3d 1501, 1508 (11th Cir.1997); United States v. Flores, 63 F.3d 1342, 1371 (5th Cir. 1995); United States v. Chischilly, 30 F.3d 1144, 1159-60 (9th Cir.1994).